**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4368**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

CURTIS JEFFREY ROBINSON,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  W. Earl Britt, Senior
District Judge.  (5:11-cr-00357-BR-2)

Submitted:  September 25, 2012      Decided:  October 22, 2012

Before KING and THACKER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Alan D. Campbell, S. Hamilton, Massachusetts, for Appellant.
Jennifer P. May-Parker, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Jeffrey Robinson appeals the 262-month sentence imposed by the district court following his guilty plea, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2006), and possession of a firearm in furtherance of a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (2006).  On appeal, Robinson's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court's sentence was proper.  Robinson was advised of his right to file a pro se supplemental brief but did not file one.  The Government has filed a motion to dismiss Robinson's appeal based on the appellate waiver provision in the plea agreement.  We grant the Government's motion in part and dismiss Robinson's appeal of his sentence, and we deny the Government's motion in part and affirm Robinson's convictions.

We review de novo a defendant's waiver of appellate rights.  United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).  "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal."  United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks

2

omitted); see United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (providing standard). Generally, if the district court fully questions the defendant about the waiver during the Federal Rule of Criminal Procedure 11 plea colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." Blick, 408 F.3d at 168.

Our review of the record leads us to conclude that Robinson's waiver of appellate rights was knowing and intelligent. Thus, the waiver is valid and enforceable. Turning to the scope of the waiver, we conclude that the sentencing issues raised in the Anders brief fall within the scope of the appellate waiver provision. Robinson was sentenced to 262 months' imprisonment, a sentence at the low end of the Guidelines range that was established at the sentencing hearing. Therefore, we grant the Government's motion to dismiss in part and dismiss this portion of the appeal.

The waiver provision does not, however, preclude our review of Robinson's convictions pursuant to Anders. Robinson does not assert any error in the district court's acceptance of his guilty plea. We have reviewed the plea colloquy for plain error and have found none. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (providing standard); see also

3

<u>United States v. Olano</u>, 507 U.S. 725, 732 (1993) (detailing plain error standard).

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no unwaived and potentially meritorious issues for review. We therefore affirm Robinson's convictions. This court requires that counsel inform Robinson, in writing, of his right to petition the Supreme Court of the United States for further review. If Robinson requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Robinson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>